FILED
SUPERIOR COURT
OF GUAM

2022 AUG 29 PM 4: 14

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>               Plaintiff,<br><br>vs.<br><br>CHRISTOPHER CLARENCE FLORES JR.,<br><br>DOB: 03/31/1999<br><br>               Defendant. | Criminal Case No. CM0236-20<br>GPD Report No. 20-15698<br><br><br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR CIVIL COMPROMISE WITHOUT PREJUDICE** |

This matter came before the Honorable Dana A. Gutierrez on June 3, 2022 for a hearing on Defendant Christopher Clarence Flores Jr.'s ("Defendant") Motion for Civil Compromise filed on March 11, 2022 ("Motion"). Present via Zoom was Defendant; Attorney David Highsmith of the Public Defender Service Corporation representing Defendant; and Assistant Attorney General Sean Brown representing the People of Guam (the "People"). Having reviewed the record and arguments presented by the parties as well as applicable law, the Court now issues this Decision and Order **DENYING** Defendant's Motion Without Prejudice.

## BACKGROUND

On June 20, 2020, Defendant was charged, by Magistrate's Complaint, with One Count of Criminal Mischief (As a Misdemeanor). Magistrate's Compl. (June 20, 2020). On March 11, 2022, Defendant filed the present Motion which attaches a Waiver of Prosecution ("Waiver") signed by Margaret Meno and Thomas Meno ("Victims"), the alleged victims in the case. The

People filed an Opposition to Defendant's Motion ("Opposition") on March 16, 2022. Defendant filed a Reply to the Government's Opposition ("Reply") on May 27, 2022. The Court heard the matter on June 3, 2022 and took the Motion under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the Magistrate's Complaint pursuant to Guam's Civil Compromise statute, codified at 8 GCA § 80.90. Motion, at 1. Defendant's Motion is based upon the Waiver signed by the Victims. Motion Attachment, at 4. Defendant further argues that civil compromise is appropriate in this case because: 1) the civil injury is coextensive with the criminal violation; 2) the remedy to the coextensive civil injury is restitution for the window screen; 3) the Victims waived their right to restation; 4) the seriousness of the offense was minimal given that it was family dispute with no physical injuries; and 5) the Victims' Waiver was signed voluntarily. Motion, at 3.

In the People's Opposition, the People argue that the Victim's Declaration does not meet the satisfaction of injury requirement because the requirement that the Victims received satisfaction is not completed. Opposition, at 1. At the June 3, 2022 Motion Hearing, the People further argued that while the Victims may have forgiven the Defendant by virtue of their Waiver, their forgiveness does not meet the requirements under 8 GCA § 80.90. Min. Entry, at 9:34:32 AM (June 3, 2022).

### I. Not All The Requirements of Guam's Civil Compromise Statute, 8 GCA § 80.90, Are Met.

Guam's Criminal Procedure Code provides that a court may order a criminal action dismissed, "[w]hen the defendant has been charged with the commission of an offense which is not a felony for which the person the person injured by the act constituting the offense has a remedy by a civil action," and "[when] the person injured appears before, or files his declaration in, the court in which the criminal action is pending . . . and acknowledges that he has received

2

satisfaction for the injury." 8 GCA § 80.90(a) and (b). Further, "dismissal under this Section is a bar to another prosecution for the same offense." 8 GCA § 80.90(c).

### A. Defendant's Charge Is A Misdemeanor and Each Charge Has a Civil Remedy.

First, it is undisputed that Defendant was charged with one misdemeanor and no felonies. Second, the charge has a remedy by civil action. A charged offense has a corresponding civil remedy if, "the civil cause of action shares a common element with the criminal offense, compromise is available; overlapping, not full congruence, is required." *People v. Tischman*, 40 Cal. Rptr. 2d 650, 654 (Cal. Ct. App. 1995).

In Guam, criminal mischief is defined as, "intentionally damag[ing] the property of another." 9 GCA § 34.50(c). Guam recognizes the common law civil cause of action of conversion, whose "elements . . . are: (1) facts showing plaintiff's ownership or right of possession of the property; (2) defendant's wrongful act toward . . . the property, interfering with plaintiff's possession; and (3) damage to the plaintiff." *Adkins v. Suba*, 2011 WL 4443232 *10 (D. Guam 2011), *reversed on other grounds*. As above, the criminal cause of action and the civil cause of action share common elements, including a wrongful act to the property of another. Therefore, the act constituting the charge of Criminal Mischief has a civil remedy.

### B. The Victims Filed a Waiver Without Acknowledging That They Received Satisfaction for the Injury.

For the Court to dismiss a criminal action under as 8 G.C.A. § 80.90, the alleged victim must "acknowledge[] that he has received satisfaction for the injury." 8 G.C.A. § 80.90 (b). Although the Civil Compromise statute does not suggest that monetary satisfaction is the only way to meet 8 GCA § 80.90's requirements,[1] satisfaction for the injury is achieved when "the **victim has in actuality received recompense acceptable to him for his injury[.]**" *People v.*

---

[1] *See e.g., People v. Castro*, CM0350-14, Decision and Order, at 2 (May 18, 2015); *People v. Doone*, CM0845-12, Decision and Order, at 3-4 (May 9, 2013); *People v. Kinsey*, CM0009-14, Decision and Order, at 2-4 (Aug. 18, 2014); *People v. Gaza*, CM0860-14, Decision and Order, at 5-6 (April 15, 2015).

*Stephen*, 182 Cal. App. 3d Supp. 14, 27 (Cal. App. Dep't Super. Ct. 1986) (emphasis added) (clarifying that the victim need not receive every recovery possible under civil law).

Here, the Victims' Waiver states that the Victims: 1) do not fear the Defendant; (2) would like the stay away order lifted; (3) waive any restitution; (4) do not want to testify in the matter; and (5) request that this case be dismissed. Motion, Attachment, at 4. Although the Waiver states that the Victims "waive any restitution" and that they "request this case be dismissed," the Victims do not explicitly acknowledge that they received satisfaction, whether monetary or otherwise, for the injury. Therefore, the Court finds this statement fails to satisfy the requirement under 8 G.C.A. § 80.90 that an alleged victim must acknowledge that he has received satisfaction for the injury.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion Without Prejudice.

**SO ORDERED**: ___AUG 2 9 2022___

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

4